IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     *
for the use of
CAPITAL MECHANICAL CONTRACTORS, INC.     *
d/b/a CMC Sheet Metal
1208 Marblewood Avenue     *
Capitol Heights, MD 20743
    *

       Plaintiff,     *

vs.     *     Case No.:

    *

LIBERTY MUTUAL INSURANCE COMPANY
175 Berkeley Street     *
Boston, MA 02117
    *

   s/o:  CT Corporation System     *
        1015 15th Street, N.W.
        Suite 1000
        Washington, D.C. 20005     *

and     *

SIGAL CONSTRUCTION CORPORATION     *
3299 K Street, N.W.
Washington, D.C. 2007     *

   s/o:  CT Corporation System     *
        1015 15th Street, N.W.
        Suite 1000     *
        Washington, D.C. 20005
    *

       Defendants.     *

## COMPLAINT

UNITED STATES OF AMERICA, for the use of CAPITAL MECHANICAL CONTRACTORS, INC. d/b/a CMC Sheet Metal (hereinafter "CMC"), by and through counsel, STEVEN T. CAIN and the Law Offices of Cain and Wyrough, hereby sues LIBERTY MUTUAL INSURANCE COMPANY and SIGAL CONSTRUCTION CORPORATION, and for cause of action states as follows:

1.      THAT CMC, the use plaintiff in this action, is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Capital Heights, Prince George's County, Maryland.

2.      THAT CMC is engaged in the business of fabricating and installing duct work for

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716

Heating and Air Conditioning systems in residential and commercial buildings.

3.    THAT Defendant Liberty Mutual Insurance Company (hereinafter, "Liberty") is a corporation duly authorized to engage in the business of executing surety bonds in the District of Columbia, with its principal office and place of business in Boston, Massachusetts.

4.    THAT Defendant Sigal Construction Corporation (hereinafter, "Sigal") is a corporation duly organized and existing under the laws of the District of Columbia, with its principal place of business in the District of Columbia.

5.    THAT jurisdiction of this action is founded on Sections 270a and 270b of Title 40 of the United States Code (40 U.S.C.A. §§ 270a, 270b).

6.    THAT on October 23, 2003, Sigal entered into a written contract with the United States of America, to furnish the materials and perform the labor for the renovation of the Old State Department, NCR, located at 7th & D Streets, NW, Washington, D.C. 20406 (hereinafter, "The Project"), in accordance with the specifications contained in the contract, for a consideration in excess of $100,000.00, being contract No. GS-11P03MKC0047.

7.    THAT on October 28, 2003, pursuant to the terms of the contract, Sigal, as principal, and Liberty, as surety, executed and delivered to the United States their bond, conditions as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the contract.

8.    THAT Sigal and Liberty bound themselves jointly and severally in the sum of $38,692,598.25, conditions that if the principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided in the above-mentioned contract, then this obligation to be void; otherwise, to remain in full force and effect.  **Exhibit 1**.

9.    THAT the bond was duly accepted by the United States and, on such acceptance, the contract for the construction and the completion of the renovation of the Project was awarded to Sigal.

10.    THAT on October 24, 2003, Sigal entered into a written contract with Tyler Mechanical Contraction, Inc., a subcontractor (hereinafter, "The Subcontractor") in which the latter agreed to furnish the labor, materials, and equipment to the former, for a certain portion of the labor and material

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716

2

provided for in the principal contract.

11.    THAT on February 2, 2004, pursuant to the terms of the contract, Tyler, as principal, and Liberty, as surety, executed and delivered to Sigal their bond, conditions as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the contract.  **Exhibit 2**.

12.    THAT the bond was duly accepted by Sigal and, on such acceptance, the subcontract for was awarded to Tyler.

13.    THAT Tyler and Liberty bound themselves jointly and severally in the sum of $5,548,900.00, conditions that if the principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided in the above-mentioned contract, then this obligation to be void; otherwise, to remain in full force and effect.

14.    THAT on October 24, 2004, use plaintiff entered into a contract with defendant subcontractor, amended by change orders, by the terms of which use plaintiff agreed to furnish certain labor, materials, and equipment required for the fabrication and installation of duct work.  **Exhibit 3**.

15.    THAT between November 2003 and July 11, 2005, use plaintiff CMC, supplied the necessary material and labor for the fabrication of the duct work to the subcontractor, all of which were used in the prosecution of the work provided for in the principal contract.

16.    THAT the Subcontractor contracted and agreed to pay use plaintiff CMC the sum of $2,520,768 including change orders, of which sum $2,386,782.00 has been paid, leaving an unpaid balance now due and owing to use plaintiff CMC of $133,986.00.

17.    THAT the date on which use plaintiff last supplied such material to the subcontractor was July 11, 2005.

18.    THAT a period of more than 90 days has elapsed since the last date on which use plaintiff supplied material and labor to the subcontractor, and CMC has not been paid in full for such material and labor.

19.    THAT on September 27, 2005 use plaintiff, pursuant to United States Code Title 40, Section 270b (40 U.S.C.A. § 270b), served written notice by certified mail, return receipt requested on Sigal of CMC's claim for the amount owed to CMC for materials and labor furnished in the

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716

prosecution of the work provided for in the primary contract. **Exhibits 4 & 5**.

     20.     THAT such notice accurately stated the amount claimed and the name of the party to whom the material and labor was furnished, and otherwise complied with the provisions of the above-mentioned statute.

     WHEREFORE, the United States of America, on behalf and for the use of Plaintiff, Capital Mechanical Contractors, Inc., d/b/a CMC Sheet Metal, requests judgment against Defendants:

1.     For the sum of 133,986.00, with legal interest from July 11, 2005, until paid;

2.     For the costs of this action; and

3.     For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

CAIN & WYROUGH

_____/s/_____
STEVEN T. CAIN, #362324
15051 Marlboro Pike
Upper Marlboro, Maryland  20772
(301) 627-4600

M:\Docs\SRF\CMC\Sigal\complaint.wpd

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716

4