## SUBCONTRACT LABOR AND MATERIAL PAYMENT BOND

KNOW ALL MEN BY THESE PRESENTS, That Tyler Mechanical Contracting, Inc., 19087 Tyler Place, No. 2, Hyatt Park, Jamsville, MD 21754 as Principal,
(Here insert the name and address, or legal title of the Subcontractor)

hereinafter called Principal, and Liberty Mutual Insurance Company, 175 Berkeley St., Boston, MA 02117
(Name, corporate state and home office city of Surety)

____ as Surety, hereinafter called Surety,

are held and firmly bound unto Sigal Construction Corporation, 3299 K Street, N.W., Washington,
(Here insert the name and address, or legal title, of the General Contractor)

DC 10007 as Obligee, hereinafter called Obligee,
for the use and benefit of claimants as hereinbelow defined, in the amount of Five Million Five Hundred Forty-Eight Thousand Nine Hundred and 00/100 * * * Dollars ($ 5,548,900.00 ),

for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated October 24, 2003 entered into a subcontract with Obligee for Old State Build-out - Sigal #02790 - Mechanical

in accordance with drawings and specifications prepared by ____
(Here insert full name and title)

which subcontract is by reference made a part hereof, and is hereafter referred to as the subcontract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if the Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the subcontract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

(1) A claimant is defined as one having a direct contract with the Principal for labor, material or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the subcontract.

(2) The above-named Principal and Surety hereby jointly and severally agree with the Obligee that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Obligee shall not be liable for the payment of any costs or expenses of any such suit.

(3) No suit or action shall be commenced hereunder by any claimant.

(a) After the expiration of one (1) year following the date on which Principal ceased work on said subcontract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

(b) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

(4) The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder.

Signed and sealed this ____ day of February ____ A. D. 2004

[signatures]

EXHIBIT 2

THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.

This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

## LIBERTY MUTUAL INSURANCE COMPANY
### BOSTON, MASSACHUSETTS
### POWER OF ATTORNEY

KNOW ALL PERSONS BY THESE PRESENTS: That Liberty Mutual Insurance Company (the "Company"), a Massachusetts stock insurance company, pursuant to and by authority of the By-law and Authorization hereinafter set forth, does hereby name, constitute and appoint

**LEONARD E. CALLAHAN, JAMES F. JONES, LINDA C. THOMAS, MICHAEL J. BUCHANAN, DEBORAH L. GUIDO, ALL OF THE CITY OF TIMONIUM, STATE OF MARYLAND**................................................................................................................................

, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations in the penal sum not exceeding **TWENTY FIVE MILLION AND 00/100**********      DOLLARS ($ **25,000,000.00*****     **) each, and the execution of such undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents, shall be as binding upon the Company as if they had been duly signed by the president and attested by the secretary of the Company in their own proper persons.

That this power is made and executed pursuant to and by authority of the following By-law and Authorization:

ARTICLE XIII - Execution of Contracts: Section 5. Surety Bonds and Undertakings.
Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

By the following instrument the chairman or the president has authorized the officer or other official named therein to appoint attorneys-in-fact:

Pursuant to Article XIII, Section 5 of the By-Laws, Garnet W. Elliott, Assistant Secretary of Liberty Mutual Insurance Company, is hereby authorized to appoint such attorneys-in-fact as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

That the By-law and the Authorization set forth above are true copies thereof and are now in full force and effect.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of Liberty Mutual Insurance Company has been affixed thereto in Plymouth Meeting, Pennsylvania this __21st__ day of __March__ _____ __2003__.

LIBERTY MUTUAL INSURANCE COMPANY

By _____
Garnet W. Elliott, Assistant Secretary

COMMONWEALTH OF PENNSYLVANIA   ss
COUNTY OF MONTGOMERY

On this __21st__ day of __March_____, __2003__, before me, a Notary Public, personally came Garnet W. Elliott, to me known, and acknowledged that he is an Assistant Secretary of Liberty Mutual Insurance Company, that he knows the seal of said corporation; and that he executed the above Power of Attorney and affixed the corporate seal of Liberty Mutual Insurance Company thereto with the authority and at the direction of said corporation.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.

By _____
Teresa Pastella, Notary Public

CERTIFICATE

I, the undersigned, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the officer or official who executed the said power of attorney is an Assistant Secretary specially authorized by the chairman or the president to appoint attorneys-in-fact as provided in Article XIII, Section 5 of the By-laws of Liberty Mutual Insurance Company.

This certificate and the above power of attorney may be signed by facsimile or mechanically reproduced signatures under and by authority of the following vote of the board of directors of Liberty Mutual Insurance Company at a meeting duly called and held on the 12th day of March, 1980.

VOTED that the facsimile or mechanically reproduced signature of any assistant secretary of the company, wherever appearing upon a certified copy of any power of attorney issued by the company in connection with surety bonds, shall be valid and binding upon the company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said company, this ____ day of _____, ____.

By _____
David M. Carey, Assistant Secretary

NOTICE FROM SURETY REQUIRED BY
TERRORISM RISK INSURANCE ACT OF 2002

In accordance with the Terrorism Risk Insurance Act of 2002 (referred to hereinafter as the "Act"), this disclosure notice is provided for surety bonds on which one or more of the following companies is the issuing surety: Liberty Mutual Insurance Company; Liberty Mutual Fire Insurance Company; LM Insurance Corporation; The First Liberty Insurance Corporation; Liberty Insurance Corporation; Employers Insurance Company of Wausau (formerly "EMPLOYERS INSURANCE OF WAUSAU A Mutual Company"); Peerless Insurance Company; and any other company that is a part of or added to the Liberty Mutual Group for which surety business is underwritten by Liberty Bond Services (referred to collectively hereinafter as the "Issuing Sureties").

NOTICE FORMS PART OF BOND

This notice forms part of surety bonds issued by any one or more of the Issuing Sureties.

DISCLOSURE OF PREMIUM

The premium attributable to any bond coverage for "acts of terrorism" as defined in Section 102(1) of the Act is Zero Dollars ($0.00).

DISCLOSURE OF FEDERAL PARTICIPATION
IN PAYMENT OF TERRORISM LOSSES

The United States will reimburse the Issuing Sureties for ninety percent (90%) of any covered losses from terrorist acts certified under the Act exceeding the applicable surety deductible.